IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


REBECCA DAVIS                                                    PLAINTIFF

vs.                          Civil No. 4:11-cv-04119

MICHAEL J. ASTRUE
DEFENDANT
Commissioner, Social Security Administration


## MEMORANDUM OPINION

Rebecca Davis ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her application for

Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of

disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a

magistrate judge to conduct any and all proceedings in this case, including conducting the trial,

ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 8.[1]

Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final

judgment in this matter.

## 1. Background:

Plaintiff protectively filed an application for DIB and SSI on December 13, 2009.  (Tr. 15,

128-135).  Plaintiff alleged she was disabled due to a back injury, rheumatoid arthritis, osteoporosis,

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages
for this case are referenced by the designation "Tr."

and osteoarthritis.  (Tr. 163).  Plaintiff alleged an onset date of July 12, 2009.  (Tr. 163).  These applications were denied initially and again upon reconsideration.  (Tr. 68-81).  Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted.  (Tr. 93).

Plaintiff's administrative hearing was held on March 8, 2011, in Dallas, TX.  (Tr. 29-61).  Plaintiff was present and was represented by counsel, Catherine Coats, at this hearing.  *Id.*  Plaintiff, Medical Expert ("ME") Dr. Sterling Moore, and Vocational Expert ("VE") Russell Bowden, testified at this hearing.  *Id.*  At the time of this hearing, Plaintiff was forty-three (43) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had a GED.  (Tr. 32-33).

On March 24, 2011, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI.  (Tr. 15-24).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2013.  (Tr. 17, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 12, 2009, her alleged onset date.  (Tr. 17, Finding 2).

The ALJ determined Plaintiff had the severe impairments of a compression fracture at T 12.  (Tr. 17, Finding 3).  The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 19, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC.  (Tr. 20-22, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform sedentary work, but she must change positions every 30 minutes for one to two

2

minutes, and cannot climb ropes, ladders, or scaffolds.  *Id.*

The ALJ also evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 22, Finding 6).  The ALJ determined Plaintiff's PRW included work as a Research and Development Manager and Logistic Coordinator.  (Tr. 24).  Based upon her RFC, the ALJ determined Plaintiff would be unable to perform this PRW.  *Id.*

The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform.  (Tr. 23, Finding 10).  The ALJ based his determination upon the testimony of the VE.  *Id.*  Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as a telephone or address clerk with approximately 17,800 such jobs in the region and 178,000 such jobs in the nation.  *Id.*  Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from July 12, 2009 through the date of the ALJ's decision. (Tr. 23, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision.  (Tr. 11).  *See* 20 C.F.R. § 404.968.  The Appeals Council declined to review this unfavorable decision.  (Tr. 1-3).  On December 9, 2011, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on December 14, 2011.  ECF No. 8.  Both Parties have filed appeal briefs.  ECF Nos. 13, 14.  This case is now ready for decision.

## 2. <u>Applicable Law</u>:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than

3

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

4

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 13. Specifically, Plaintiff claims the following: (1) the ALJ erred in failing to find Plaintiff's alleged mental impairments as severe and (2) the ALJ improperly discounted her subjective complaints. ECF No. 13, Pgs. 12-23. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 14.

**A. ALJ's Consideration of Plaintiff's Alleged Mental Impairments**

According to Plaintiff, the ALJ erred when he failed to conduct a psychiatric review technique analysis to assess her mental impairments and when he failed to find her alleged mental impairments severe. ECF. No. 13, Pgs. 8-13. However, the ALJ properly determined Plaintiff did not have a medically determinable mental impairment and was not required to consider her alleged mental limitations in his RFC determination.

Social Security regulations provide a psychiatric review technique analysis be applied at every level in the administrative review process when an adult alleges disability based on a mental

5

impairment.  *See* 20 C.F.R. §§ 404.1520a(a), 416.920a(a).  The technique involves a determination of whether a claimant has a medically determinable mental impairment.  *See* 20 C.F.R. §§ 404.1520a(b)(1), 416.920a(b)(1).  If the mental impairment is found to be severe, then the ALJ must determine whether it meets or is equivalent to a listed mental disorder.  *See* 20 C.F.R. §§ 404.1520a(d)(2), 416.920a(d)(2). If not, then the RFC is determined.  *See* 20 C.F.R. §§ 404.1520a(d)(3), 416.920a(d)(3).

To begin with, Plaintiff failed to allege a disability based upon any mental impairment.  (Tr. 163).  Plaintiff alleged she was disabled due to a back injury, rheumatoid arthritis, osteoporosis, and osteoarthritis.  *Id.*  Plaintiff's failure to allege a disability based upon a mental impairment is significant.  *See Dunahoo v. Apfel*, 241 F.3d 1033, 1039 (8th Cir. 2001).

Additionally, the medical record supports the ALJ's finding of no severe mental impairment. The medical record relied on by Plaintiff in this matter fails to show she underwent mental health treatment for depression or that she based her disability on a mental impairment.  Plaintiff was seen by her chiropractor on November 23, 2009.  (Tr. 279-283).  On a general exam form, Plaintiff indicated she suffered from depression.  (Tr. 281).  However, this record, which Plaintiff filled out, does not prove a medically determinable mental impairment because it was based on Plaintiff's subjective complaints and it provided no details of treatment or severity.  Plaintiff also attempts to show support for her alleged mental impairment by referencing her treatment at Trinity Clinic on December 13, 2010. (Tr. 313-315).  However, this record only indicates Plaintiff's claim of a prior history of depression and provides no support for a severe mental impairment.

Plaintiff also relies on an emergency room visit at Parkland Hospital on September 15, 2010 in support of her claim for mental impairment.  (Tr. 331-339).  Plaintiff claimed she suffered from

depression. (Tr. 333). Plaintiff was discharged the same day in stable condition. (Tr. 335). As with the prior portions of the medical record relied on by Plaintiff, this visit to the emergency room does not support a finding of a medically determinable mental impairment.

Finally, Plaintiff references the consultative orthopedic exam, performed on June 11, 2010 by Dr. Paul Patrick, as support for her claims of a mental impairment. (Tr. 290-294). Plaintiff was seen by Dr. Patrick for her complaint of back pain. (Tr. 290). Plaintiff indicated she had been treated for depression and anxiety since 1990. (Tr. 292). Based on Plaintiff's subjective statement, Dr. Patrick assessed Plaintiff, among other findings, with depression. (Tr. 293). Dr. Patrick's assessment of depression does not support a finding that Plaintiff had a mental impairment because it was based on Plaintiff's subjective complaints and because Dr. Patrick, like all other providers relied on by Plaintiff, is not a licensed mental health provider. (Tr. 290-97).

The ALJ properly determined the record did not contained evidence establishing Plaintiff underwent mental health treatment for her alleged depression throughout the relevant period. (Tr. 22). Further, Plaintiff failed to show she suffers from a severe mental impairment. Substantial evidence supports the ALJ's consideration of Plaintiff's alleged mental impairments.

### B. ALJ's Credibility Determination

Plaintiff also claims the ALJ erred in his credibility determination. ECF No. 13, Pgs. 18-21. Specifically, Plaintiff claims the ALJ erred by failing to make specific findings as to the relevant evidence considered in deciding to discredit Plaintiff's testimony. *See id.* Plaintiff claims the ALJ merely decided, without any reasoning or explanation, to disbelieve Plaintiff's subjective complaints. *See id.* In response, Defendant argues that the ALJ properly evaluated and discredited Plaintiff's subjective complaints pursuant to the directives of *Polaski*. ECF No. 14, Pgs. 13-15.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]."  *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in assessing her credibility as it related to the limiting effects of her impairments and did not fully consider her subjective complaints as required by *Polaski*. The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ addressed the factors from *Polaski* and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 20-22). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain or inability to engage in sedentary work, (2) Plaintiff's described activities of daily living are not limited to any serious degree, (3) No physician has placed a level of limitation on Plaintiff's activities comparable to those described by Plaintiff, (4) No testing to quantify the severity of the psychological impairments alleged, and (5) Plaintiff last job ended by termination and not due to her back injury. *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff's subjective complaints of pain.

**4. <u>Conclusion:</u>**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating

these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

      **ENTERED** this **8ᵗʰ day of January 2013.**

                      /s/   Barry A. Bryant
                      HON. BARRY A. BRYANT
                      U.S. MAGISTRATE JUDGE